

# STOLL, GLICKMAN & BELLINA LLP ATTORNEYS AT LAW

71 Nevins Street
Brooklyn, NY 11217

P: (718) 852-3710
F: (718) 852-3586

www.stollglickman.com

VIA FACSIMILE: 212-805-0426                                    March 04, 2008
Honorable Laura T. Swain
United States District Court
Southern District of New York
500 Pearl Street, Room 755
New York, NY 10007

   Re: <u>Kevin Spruill v. City of New York et al,</u>
       07CV11069

Your Honor,

Pursuant to your order of December 14, 2007, both parties submit this joint letter in anticipation of our conference scheduled for March 7, 2008 at 2:15 p.m.

   a. <u>The Nature of the Action</u>

   This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York, including false arrest, false imprisonment, malicious prosecution, abuse of process, assault and battery.

   b. <u>Jurisdiction</u>

   This civil rights action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted. Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within the boundaries of the Southern District of New York.

Defendants deny that venue is proper in the Southern District of New York as all events, including plaintiff's arrest, detention at the 75th Precinct, and prosecution, occurred within the jurisdiction of the Eastern District of New York. Similarly, all witnesses, documents, and evidence are likely located in the Eastern District.

c. Material Undisputed Facts

On September 8, 2006, at approximately 4:50 P.M., Mr. Kevin Spruill was at the car wash he owned and managed on the corner of Pitkin Avenue and Pennsylvania Avenue in Brooklyn, New York.

Plaintiff was arrested on September 8, 2006.

Police Officers vouchered $2,313.55, a cash register and cash box, assorted sneakers, t-shirts, mini-flags, lighted clip board, doo-rags, magnets, alarm clocks, thermometer/clock, and linen caps.

Mr. Spruill was prosecuted for Unlicensed General Vendor, Trademark Counterfeiting in the Third Degree, and Criminal Possession of a Forged Instrument in the Third Degree.

The Trademark Counterfeiting in the Third Degree, and Criminal Possession of a Forged Instrument in the Third Degree charges were dismissed on December, 2006.

The Unlicensed General Vendor charges were dismissed on November 9, 2007.

d. Uncontested Legal Issues

At this time, there are no uncontested legal issues.

e. Legal Issues to be Decided by the Court

Whether plaintiff's constitutional rights under the Fourth and Fourteenth Amendment were violated by defendants.

Whether defendants falsely arrested, imprisoned, assaulted, battered, or maliciously prosecuted plaintiff, and whether they abused process.

Whether plaintiff fails to state a claim upon which relief can be granted.

Whether plaintiff failed to comply with all conditions under New York General Municipal Law 50-e.

Whether the City of New York is entitled to governmental immunity.

Whether defendant Greiner is entitled to qualified immunity.

f. Material Disputed Facts

All other material facts are disputed.

g. Legal Basis for Each Cause of Action

Plaintiff's first cause of action is the violation of his rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution by the officers. Plaintiff's legal basis for this cause of action is the officers' false arrest, false imprisonment and malicious prosecution of plaintiff.

Plaintiff's second cause of action is the violation of his rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution by the City of New York, Police Commissioner Kelly and Deputy Inspector Barrere. Plaintiff's legal basis for this cause of action is the City, Kelly's and Barrere's failure to discipline officers for not reporting fellow officers' misconduct or false statements, resulting in violations of citizens' constitutional rights.

Plaintiff's third cause of action is false arrest and false imprisonment under New York State constitutional and common law. Plaintiff's legal basis for this cause of action is the officers' arrest and deprivation of liberty of plaintiff without probable cause.

Plaintiff's fourth cause of action is malicious prosecution under New York State constitutional and common law. Plaintiff's legal basis for this cause of action is the officers' initiation of prosecution against plaintiff without probable cause, followed by the dismissal of the charges in plaintiff's favor.

Plaintiff's fifth cause of action is abuse of process under New York State common law. Plaintiff's legal basis for this cause of action is Captain Cipolla's intentional employment of a legal process, arrest and prosecution, to obtain a collateral personal objective, which was outside the legitimate ends of the criminal justice system.

Plaintiff's sixth and seventh causes of action are assault and battery under New York State constitutional and common law. Plaintiff's legal bases for these claims are the officers' apprehension, handcuffing and physical detention of plaintiff without justification, which placed plaintiff in fear of immediate harmful and offensive touching and which did result in offensive touching to plaintiff.

Plaintiff's eighth cause of action is constitutional tort under New York State common law. Plaintiff's legal basis for this claim is the violation of plaintiff's rights pursuant to §§ 6 and 12 of the New York State Constitution.

Plaintiff's ninth cause of action is respondeat superior under New York State common law. Plaintiff's legal basis for this claim is that defendant officers' intentionally tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

h. Legal Basis for Each Defense

There is insufficient evidence to establish that a custom, policy, or practice of defendant City of New York caused plaintiff's alleged constitutional deprivations, as required under 42 U.S.C. §1983. Similarly, there is insufficient evidence to show that defendants violated the plaintiff's rights in any way. As such, plaintiff fails to state a claim for which relief can be granted.

Neither defendants' alleged conduct was the proximate cause of plaintiff's alleged injuries.

Plaintiff failed to comply with all conditions under New York General Municipal Law 50-e, and therefore his state law claims are barred.

As the duties and functions of the City's officials named in the complaint entailed the reasonable exercise of their proper and lawful discretion, defendant City is entitled to governmental immunity from liability.

Qualified immunity bars suit against individuals who made reasonable mistakes given the totality of the circumstances.

There was probable cause to support plaintiff's arrest, detention, and prosecution.

i. Measure of Proof and on whom Burden Falls

Plaintiff has the burden of proving by a preponderance of the evidence that plaintiff's rights were violated.

Defendants bear the burden of proof by a preponderance of evidence regarding their immunity claims.

  j. <u>Amendments to pleadings substitution of parties</u>

  Plaintiff will eventually need to substitute John Doe officers as soon as the names of the responding officers are disclosed.

  Defendants do not anticipate any amendments to their pleading at this time, and will issue separate answers for any subsequently named defendants.

  k. <u>Consent to transfer to magistrate for all purposes, including trial.</u>

  The parties do not consent to transfer to magistrate for all purposes.

  l. <u>Disclosures 26(a)</u>

  Plaintiff's initial disclosures will be served at the conference on March 7, 2008. Defendants anticipate serving their initial disclosures at the conference on March 7, 2008.

  m. <u>Subjects on which Disclosure May Be Needed</u>

  Plaintiff will need disclosures regarding all paperwork in possession of the New York Police Department regarding the incident and any other subjects covered by plaintiff's interrogatories and document demands served on March 7, 2008. Defendants will need disclosures regarding all paperwork regarding the incident and any other subjects covered by defendants' interrogatories and document demands served on March 7, 2008.

  n. <u>Expert Evidence</u>

Plaintiffs have not yet determined whether an expert will be required.

Defendants do not believe that expert testimony will be necessary.

  o. <u>Limitations on Discovery</u>

  Plaintiff does not foresee any changes that should be made on discovery imposed under Federal Rules of Civil Procedure or the Local Rules of the court.

  Defendants may seek to bifurcate the discovery of the *Monell* claims identified in the complaint, as the City's liability is dependent on liability of the acting officers.

  p. <u>Settlement</u>

  While plaintiff has not yet made a settlement demand, he is hopeful about the prospects for settlement.

Defendants will respond to any reasonable demand and anticipate that the parties will continue to try to reach a mutually acceptable settlement.

q. Jury Statement and Expectations for Trial Length

The parties would have the case tried before a jury and expects the matter to last approximately one week.

r. Other orders

None.

Yours truly,

*[signature]*

Cynthia Conti-Cook, #CC0778
Associate, Stoll Glickman & Bellina L.L.P.


_____/s/ via telephone_____
Brian Maxey, #0451
Assistant Corporation Counsel, City of New York