UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEVIN SPRUILL,

                                               Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR
BARRERE, MICHAEL CIPOLLA, POLICE OFFICER
BERNICE GRACIA, SHIELD NO. 3611, CAPTAIN
"JOHN DOE," POLICE OFFICERS JOHN DOE 1-12,

                                               Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

07 CV 11069 (LTS)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City Of New York ("City"), Police Commissioner Raymond W. Kelly, Deputy Inspector Barrere, and Police Officer Bernice Gracia[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as stated therein.

---

[1] Defendants have not been able to identify defendant "Michael Cipolla."

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to place venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation under the laws of the State of New York

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Defendant Raymond Kelly is the Police Commissioner for the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Deputy Inspector Barrere is the Commanding Officer of the 75th Police Precinct.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Police Officer Bernice Gracia is an employee of the City within the New York City Police Department.

13. The allegations in paragraph "13" of the complaint are not averments of fact, but conclusions of law not warranting a response.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that a document purporting to be a notice of claim was filed with the City and admit that no payment has been made by the City.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was present at a car wash at the corner of Pitkin and Pennsylvania Avenue.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff was transported to the 75th Police Precinct.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, including subparts a-h.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35", inclusive of this answer, as is fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38", inclusive of this answer, as is fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46", inclusive of this answer, as is fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "52", inclusive of this answer, as is fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "58", inclusive of this answer, as is fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "62", inclusive of this answer, as is fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "66", inclusive of this answer, as is fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. In response to the allegations set forth in paragraph "72" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71", inclusive of this answer, as is fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "74", inclusive of this answer, as is fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny that plaintiff is entitled to any of the relief requested in the paragraphs immediately following paragraph "36," including subparts a-d.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

79. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

80. Defendants City, Police Commissioner Raymond W. Kelly, and Deputy Inspector Barrere, and Police Officer Gracia have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

81. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

82. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

83. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

84. Plaintiff provoked any incident.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

85. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

86. Police Commissioner Raymond W. Kelly, and Deputy Inspector Barrere, and Police Officer Gracia are entitled to qualified immunity from suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

87. Any purported detention and prosecution of plaintiff was privileged.

**WHEREFORE,** Defendants City, Police Commissioner Raymond W. Kelly, and Deputy Inspector Barrere, and Police Officer Gracia, respectfully request judgment dismissing the

- 8 -

complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
              March 7, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendants City of New York,
                        Police Commissioner Raymond W. Kelly,
                        and Deputy Inspector Barrere, and Police
                        Officer Gracia
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0987

                        By:   /S/ Brian G. Maxey
                        BRIAN MAXEY (BM 0451)
                        Assistant Corporation Counsel

To:       Cynthia Conti-Cook, Esq.
           Stoll, Glickman, & Bellina
           71 Nevins Street
           Brooklyn, NY  11217

07 CV 11069 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN SPRUILL,

                                                       Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY INSPECTOR BARRERE, MICHAEL CIPOLLA, POLICE OFFICER BERNICE GRACIA, SHIELD NO. 3611, CAPTAIN "JOHN DOE," POLICE OFFICERS JOHN DOE 1-12,

                                                       Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3-178*
*New York, N.Y. 10007*

*Of Counsel: Brian G. Maxey*
*Tel: (212) 788-0987*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................., 2008 . . .*

*...................................................................Esq.*

*Attorney for ...........................................................*